UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**TRUSTEES OF THE HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47 RETIREMENT TRUST FUND, HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47 WELFARE FUND**, **HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47 CONSTRUCTION INDUSTRY ADVANCEMENT FUND,  HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47 JOINT APPRENTICESHIP TRUST COMMITTEE, HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47 VACATION FUND, HEAT AND FROST INSULATORS AND ALLIED WORKERS LABOR MANAGEMENT COOPERATIVE TRUST and HEAT AND FROST INSULATORS AND ALLIED WORKERS LOCAL 47,**

        Plaintiffs,

Case No. 17-cv-

Hon.

**JEN-SUM MECHANICAL INSULATION, INC.**, a Michigan corporation, and **WENDY V. ZEITLER**, individually,

        Defendants.

___

CHRISTOPHER E. LeVASSEUR (P35981)
**STARK REAGAN, P.C.**
Attorney for Plaintiffs
1111 W. Long Lake Rd., Ste. 202
Troy, MI  48098
(248) 641-9955

## **COMPLAINT**

Plaintiffs Trustees of the Heat and Frost Insulators and Allied Workers Local 47 Retirement Trust Fund, Heat and Frost Insulators and Allied Workers Local 47 Welfare Fund, Heat and Frost Insulators and Allied Workers Local 47 Construction Industry Advancement Fund, Heat and Frost Insulators and Allied Workers Local 47 Joint Apprenticeship Trust Committee, Heat and Frost Insulators and Allied Workers Labor Management Cooperative Trust and Heat and Frost Insulators and Allied Workers Local 47, through their attorneys, Stark Reagan, for their Complaint against Defendants International Insulation Fabricators, Inc. and Robert S. Zeitler state as follows:

1. Plaintiffs are the Trustees of the Heat and Frost Insulators and Allied Workers Local 47 Retirement Trust Fund, Heat and Frost Insulators and Allied Workers Local 47 Welfare Fund, Heat and Frost Insulators and Allied Workers Local 47 Construction Industry Advancement Fund, Heat and Frost Insulators and Allied Workers Local 47 Joint Apprenticeship Trust Committee and Heat and Frost Insulators and Allied Workers Labor Management Cooperative Trust (hereinafter referred to as "Funds") and Heat and Frost Insulators and Allied Workers Local 47. The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974

(hereinafter referred to as "ERISA") 29 USC §1001 *et seq.,* with administrative offices in Lansing, Ingham County, Michigan.

2. Defendant Jen-Sum Mechanical Insulation, Inc. is a Michigan corporation with its principal offices in Saginaw, Michigan (hereinafter "Jen-Sum").

3. Defendant Wendy V. Zeitler (hereinafter "Zeitler") is an individual who is the President and Director of Jen-Sum. Zeitler is responsible for running the day-to-day operations of Jen-Sum and is responsible for all its decisions pertaining to the payment of contributions to the Funds, including decisions on whether to pay contributions.

4. Zeitler is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). Zeitler is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the Funds pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Funds have been established pursuant to a Collective Bargaining Agreement heretofore

entered into between the International Association of Heat and Frost Insulators and Allied Workers Local Union No. 47 (hereinafter referred to as "Union") and the Master Insulators Association, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant Jen-Sum was signatory or otherwise bound to the Collective Bargaining Agreement with the Union.

7. The Funds are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between Jen-Sum and the Union, Jen-Sum agreed to pay, in addition to wages and Union dues, employee fringe benefit contributions to the Funds for each employee employed by Jen-Sum, and covered by the Agreement.

9. That pursuant to the provisions of the Trust and Plan documents for the Funds, contributions become vested plan assets on the date on which they are due.

10. That pursuant to the Collective Bargaining Agreements, Defendant Jen-Sum is required to pay wages and make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 10th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreements, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

12. That pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the Funds, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, Jen-Sum has failed and refused to pay its obligations, therefore violating the Collective Bargaining

Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

17.  Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiffs request that this Honorable Court grant the following relief:

A.  Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B.  Enter an Order that Jen-Sum open its books and records for a complete payroll audit, and should they fail to do so, enter Judgment in favor of the Plaintiff's in the amount of an estimated audit conducted by Plaintiffs totaling $69,750.10;

C.  Enter a Judgment in favor of Plaintiffs against Defendants Jen-Sum and Zeitler, individually, for all unpaid wages and fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the Funds during the pendency of this action;

D.  Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Breach of Fiduciary Duties of
## Wendy V. Zeitler

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

19. Zeitler is a fiduciary with respect to the various wages and fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that she exercised discretionary authority or control respecting management or disposition of the assets of the plans.

20. By engaging in the acts and omissions described, Zeitler has breached her fiduciary duties regarding the Funds within the meaning of 29 USC §1104(a)(l)(A).

21. Zeitler is personally liable based on breaching her fiduciary duties pursuant to 29 USC §1109(a).

WHEREFORE, Plaintiff Funds request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Jen-Sum open its books and records for a complete payroll audit, and should they fail to do so, enter Judgment in favor of the Plaintiff's in the amount of an estimated audit conducted by Plaintiffs totaling $69,750.10;

C. Enter a Judgment in favor of Plaintiffs against Defendants Jen-Sum and Zeitler, individually, for all unpaid wages and fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the Funds during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

**STARK REAGAN**

/s/ Christopher E. LeVasseur
CHRISTOPHER E. LeVASSEUR (P35981)
Attorney for Plaintiffs
1111 W. Long Lake Rd., Ste. 202
Troy, MI 48098
(248) 641-9955
clevasseur@starkreagan.com

Date: September 21, 2017
63-10.bus